IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO.: 3:01CR138

| | |
|---|---|
| MELTON KEITH WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>) **ORDER**<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | |

**THIS MATTER** is before the Court on Petitioner's Motion for "Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2)," filed October 12, 2004.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 10, 2002, Petitioner was convicted by a jury of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g). This Court, on January 13, 2003, sentenced Petitioner to seventy-seven (77) months incarceration, and judgment was entered February 27, 2003. In determining Petitioner's sentence, the Court found under the United States Sentencing Commission Guidelines (U.S.S.G.) that Petitioner's base offense level for violation of 18 U.S.C. § 922(g) was 24. United States Sentencing Commission Guidelines Manual § 2K2.1 (2003). Pursuant to U.S.S.G. § 2K2.1(b)(4), Petitioner received a two-level enhancement in his offense level because the firearm in the offense was stolen. Also, pursuant to U.S.S.G. § 3E1.1(a), Petitioner received a two level reduction in his offense level for accepting responsibility for his actions, leaving him with

1

a final offense level of 24.[1]  Petitioner's final offense level combined with his criminal history level of IV, resulted in a sentencing range of 77 to 96 months.  The Court sentenced Petitioner at the bottom of this range.  Petitioner appealed his sentence, and the Fourth Circuit, on February 25, 2004, affirmed the judgment of this Court.  Petitioner now asks this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).

## II. ANALYSIS

Under 18 U.S.C. § 3582(c)(2), a court may modify an imposed term of imprisonment where the defendant has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . [and] after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Section 3582(c)(2) is only applicable to instances where a defendant is sentenced and a provision in the Sentencing Guidelines is subsequently amended, which, had the amendment occurred prior to the defendant's sentencing, would have resulted in a lower term of imprisonment.  In such an instance, the court has the discretion to amend the defendant's term of imprisonment, but only after also considering the factors listed in § 3553(a) and the policy statements issued by the Sentencing Commission.  This is not the situation now before this Court.

---

[1] Despite Petitioner's conviction by jury trial for the offense, as Petitioner's Presentencing Investigation Report notes, he pled guilty to the conduct comprising the offense on October 16, 2000, in the General Court of Justice, District Court Division, Mecklenburg County, NC.  It was also noted in the report that at trial of the instant case, Petitioner "candidly admitted to possessing a firearm" and never attempted to deny such possession, and instead pursued a defense based on double jeopardy grounds. The Court found that pursuant to U.S.S.G. § 3E1.1, Application Notes 1 and 2, Petitioner sufficiently had demonstrated his acceptence of responsiblity for the offense to merit a two level reduction in his offense level.

2

Petitioner asserts that he was convicted of both 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) and that the offense level enhancement imposed by the Court should be invalidated as "double counting" pursuant to Amendment 599 to the U.S.S.G.

Amendment 599 modified what is now Application Note 4 of U.S.S.G. § 2K2.4, which governs sentencing for 18 U.S.C. §§ 844(h), 924(c), and 929(a) offenses. The relevant language of Amendment 599's modification to U.S.S.G. § 2K2.4., Application Note 4, as quoted by the Fourth Circuit in U.S. v. Goines, 357 F.3d 469, 471-72 (4th Cir. 2004), provides:

> If a section under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct) ...
> If the explosive or weapon that was possessed ... in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under ... § 2K2.1(b)(5) (pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by th[at] enhancement[ ] because of the relatedness of that conduct to the conduct that forms the basis for the conviction under ... § 924(c) ... For example, in addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under § 2K2.1(b)(5) would not apply.

Id. (quoting U.S.S.G.App. C, amend. 599 (2002)) (alteration in original). The Fourth Circuit in Goines also quoted the Commission's purpose for Amendment 599, "[i]n restricting the application of certain enhancements, the Commission sought to 'to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm.'" Id. at 472 (quoting U.S.S.G.App. C, amend. 599, Reason for Amendment). In interpreting the substantive language of Amendment

3

599, the Fourth Circuit concluded, "in adopting Amendment 599, the Sentencing Commission intended to ... provide that a sentence for a § 922(g) offense may not be enhanced based on conduct that also resulted in a § 924(c) conviction." Id. at 473.

First, although Petitioner maintains that he was convicted of both a § 922 and a § 924 offense, he was in fact convicted of only § 922(g). More importantly, the two-level enhancement to Petitioner's sentence was based upon the gun being stolen as opposed to Petitioner's mere possession of the weapon. Petitioner did not receive duplicative punishment "for substantially the same harm." Therefore, Petitioner's reliance on Amendment 599 for modification of his sentence is misplaced and his claim is without merit.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for "Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2)" is hereby **DENIED**.

**Signed: July 19, 2005**

*[signature]*

Richard L. Voorhees
United States District Judge